UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
THE BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 819 PENSION FUND
and THE BOARD OF TRUSTEES OF THE
LOCAL 210-AFFILIATED ANNUITY FUND,

      Plaintiffs,

  - against -

CAMPBELL ENGINEERING SUPPORT SERVICES, INC.,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ECF

**COMPLAINT**

1:19-CV-8375 ( )( )

  Plaintiffs, the Board of Trustees (the "Pension Trustees") of the Teamsters Local 819 Pension Fund (the "Pension Fund") and the Board of Trustees (the "Annuity Trustees") of the Local 210-Affiliated Annuity Pension Fund (the "Annuity Fund"), by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

  1. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover contributions and interest owed to the Pension Fund and the Annuity Fund (collectively, the "Funds") in accordance with the applicable collective bargaining agreement, relevant plan documents and applicable law.

## JURISDICTION AND VENUE

  2. This Court has jurisdiction of this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Funds are administered in this district.

THE PARTIES

4. At all times material hereto, the Funds were each an "employee pension benefit plan" and a "multiemployer plan" as defined by Sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and 1002(37). The Funds are administered at 60 Broad Street, 37th Floor, New York, New York 10004.

5. At all times material hereto, the Pension Trustees and the Annuity Trustees (collectively, the "Trustees") were, and are, the "plan sponsors" of the respective Funds, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are also "fiduciaries" of the Funds, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. At all times material hereto, Defendant Campbell Engineering Service, Inc. ("Campbell"), was, and has been, an "employer" as defined by ERISA Section 3(5), 29 U.S.C. §1002(5) with offices are located at 999 South Oyster Bay Road, Suite 110, Bethpage, New York 11714. As Campbell is a corporation, it is not incompetent or in military service.

7. At all times material hereto, Campbell has been a party to a collective bargaining agreement (the "CBA") with Service, Production, Merchandising and Allied Products, Wholesale, Distribution, Textile Household Products and Industrial and Allied Trades Workers; Clerical & Health Related Services Union; Drug, Chemical, Cosmetic, Plastics and Affiliated Industries Warehouse: Service Industry; Airline, Airport and Aerospace Employees, Local 210, affiliated with the International Brotherhood of Teamsters (the "Union").

8. At all times material hereto, the terms and conditions for employment and benefits provided to Campbell's employees who were members of the Union's collective bargaining unit were, and continue to be, set forth in the CBA.

9. At all times material hereto, the CBA required, and continues to require, Campbell to remit monthly payments ("Contributions") to the Pension Fund and the Annuity Fund on behalf of those of its employees covered by the CBA.

10. Under the terms of the CBA, Contributions to the Pension Fund are due on the 10th of the month for that month, while Contributions to the Annuity Fund are due on the 10th of the month following the month for which the Contributions are being made.

11. The CBA also incorporates by reference the Funds' respective Agreements and Declarations of Trust (the "Trust Agreements"), any amendments thereto and such rules and regulations as the Funds' respective Trustees may adopt.

12. The Pension Fund Trust Agreement provides that Contributions, together with written reports with respect to such Contributions and the employees on whose behalf the Contributions have been made ("Remittance Reports"), be submitted to the Trustees on a monthly. The CBA requires that Campbell submit Remittance Reports to the Annuity Fund.

13. The Pension Fund Trust Agreement further provides that an employer that fails to remit Contributions on a timely basis shall be liable for interest on the delinquent Contributions at the rate of the greater of two (2%) above the prime rate and six (6%) percent from the date the Contributions were due through date of their payment and may be assessed for liquidated damages by the Trustees in an amount equal to twenty (20%) of the unpaid Contributions.

14. The Annuity Fund Trust Agreement authorizes the Trustees to do all acts which are deemed necessary or proper and to exercise any and all powers of the Trustees under the

Agreement, upon such terms and conditions as the Trustees may deem in the best interests of the Fund.

15. In accordance with the foregoing, the Annuity Trustees adopted a Policy for Collection of Delinquent Contributions (the "Policy") which provides, *inter alia*, for accrual of interest on delinquent contributions at the rate of ten (10%) percent per annum and assessment of liquidated damages in an amount equal to the greater of the accrued interest or twenty (20%) percent of the unpaid Contributions.

16. Notwithstanding its obligations under the CBA, Campbell failed to timely remit its Remittance Reports and Contributions to the Pension Fund for the period of December 2017 through January 2019 and to the Annuity Fund for the period of August 2017 through January 2019 (collectively, the "Untimely Contributions").

17. On August 30, 2019 (the "Payment Date"), in response to demands for payment of interest accrued on the Untimely Contributions, Campbell remitted payment in the amount of $2,070.39 to the Pension Fund and in the amount of $1,246.97 to the Annuity Fund.

18. The foregoing payments was not the full amount of interest due and owing the Funds. As a result, accrued interest remained due and owing to the Pension Fund in the amount of $814.32 and to the Annuity Fund in the amount of $320.38 as of the Payment Date (collectively, the "Interest Balances").

19. Interest continues to accrue on the Interest Balances at the Funds' respective interest accrual rates.

20. Notwithstanding its obligations under the CBA, Campbell failed to submit its Remittance Reports and remit Contributions to the Funds for the period of February 2019 through the present (the "Delinquent Contributions").

21. Campbell also owes the Funds interest that has accrued and continues to accrue on the Delinquent Contributions.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiffs reassert and re-allege paragraphs "1" through "21" and incorporate them herein.

23. Despite its obligations under the CBA and due demand having been made therefore, Campbell has willfully failed to remit the Delinquent Contributions, submit the Remittance Reports relating thereto or remit the Interest Balances to the Funds.

24. Pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Campbell is liable to the Funds for the Delinquent Contributions, the Interest Balances, interest accrued on the Delinquent Contributions and the Interest Balances at the Funds' respective interest accrual rates, liquidated damages and the fees and costs incurred by the Funds in recovering the foregoing amounts from Campbell.

## PRAYER FOR RELIEF

WHEREFORE, the Funds pray that this Court enter an order and judgment in its favor and against Campbell:

(a) awarding the Funds Contributions due and owing for the period of February 2019 through the date of judgment, together with interest accrued thereon at the Funds' respective interest accrual rates;

(b) directing Campbell to provide the Funds with the Remittance Reports with regard to such Contributions;

(c) awarding the Funds the Interest Balances, together with interest accrued thereon at the Funds' respective interest accrual rates;

(d) awarding the Funds liquidated damages, in accordance with the Pension Fund's Trust Agreement, the Policy and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

(e) awarding the Funds the fees and costs incurred in this action, in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

(f) such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 9, 2019

                              CARY KANE LLP

                        By:      /s/     
                            Owen M. Rumelt
                            *Attorneys for Plaintiffs*
                            1350 Broadway, Suite 1400
                            New York, New York  10018
                            212-868-6300
                            orumelt@carykane.com